UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHNNY B. SMITH, #128287                                                          PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:15-cv-15-FKB

OLLIE LITTLE, ET AL.                                                            DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

This cause is before the court on the Motion for Summary Judgment [22] filed by

Defendant Ollie Little.  Also before the court is the Motion for Appointment of Counsel [20]

filed by Plaintiff Johnny B. Smith.  Having considered the entire record in this matter, the court

finds that Defendant's motion is well-taken and should be granted and that Plaintiff's motion is

not well-taken and should be denied.

**I. Background**

Plaintiff is an inmate in the custody of the Mississippi Department of Corrections

("MDOC"), currently housed at East Mississippi Correctional Facility ("EMCF").  Defendant is

the health services administrator at the facility.  Plaintiff filed this lawsuit alleging violations of

his constitutional rights under 42 U.S.C. § 1983.  The court held an omnibus or *Spears* hearing in

this matter on May 27, 2015, at which Plaintiff was afforded the opportunity to fully explain his

claim.[1]  Thereafter, the court determined that Plaintiff's claim, as clarified during the hearing, is

that he needs, but has been denied, dentures.  [18] at 1.  More specifically, Plaintiff claims that

his teeth cause him pain and suffering and that they should be pulled and that he should be given

_____

[1]*See Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985).

dentures, but that Defendant Little has refused to provide dentures.  *Id.*[2]

Plaintiff has filed a motion to appoint counsel in this case, arguing that his limited intelligence and lack of understanding of the discovery process prevents him from adequately presenting his case at trial. [20].  Defendant Ollie Little has moved for summary judgment, arguing that there is no genuine issue as to whether Little acted with deliberate indifference to Plaintiff's medical needs. [25] at 4.  Plaintiff has filed no response to Little's motion for summary judgment.

## II.  Standard of Review

"Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *United States v. Renda Marine, Inc.,* 667 F.3d 651, 655 (5th Cir. 2012) (quoting Fed.R.Civ.P. 56(a)).  "A factual dispute is 'genuine' where a reasonable party would return a verdict for the nonmoving party."  *Chiu v. Plano Indep. Sch. Dist.,* 339 F.3d 273, 282 (5th Cir. 2003) (quoting *Lukan v. North Forest Indep. Sch. Dist.,* 183 F.3d 342, 345 (5th Cir. 1999)).  When considering a summary judgment motion, a court "must review all facts and evidence in the light most favorable to the non-moving party."  *Juino v. Livingston Parish Fire Dist. No. 5,* 717 F.3d 431, 433 (5th Cir. 2013).  However, "[u]nsubstantiated  assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir. 2002)).

---

[2]At the omnibus hearing, the court granted Plaintiff's motion to dismiss the other named defendants – Warden Busher, Dr. D. Edwards, and Dr. Faulks. [18] at 2.

### III.  Discussion

### A. Plaintiff's Motion to Appoint Counsel

Plaintiff filed his complaint *pro se*, and the court granted Plaintiff leave to proceed *in forma pauperis*.  *See* [1]; [6].  Plaintiff now seeks appointment of counsel, arguing that he is mentally deficient,  has a below normal intelligence,  and has "zero understanding of the discovery process let alone [preparing] for a bench trial." [20] at 1.

There is no statutory authority for appointment of counsel in this civil case even though Plaintiff was allowed to proceed *pro se.*  Further, there are no federal funds available to pay such appointed counsel, and the court would only appoint involuntary counsel under exigent circumstances.  The *pro se* plaintiff has no automatic right to counsel.  *Salmon v. Corpus Christi Independent School District*, 911 F.2d 1165 (5th Cir. 1990)(citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). Unless there are "exceptional circumstances," a district court is not required to appoint counsel to represent indigent plaintiffs in a civil action.  *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).

The Court's analysis is based upon the four-part standard set forth in *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).  The four factors of *Ulmer* are as follows: (1) The type and complexity of this case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; and, (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses.  *Ulmer*, 691 F.2d 209 at 212-213.

This court has specifically considered the *Ulmer* factors and finds that Plaintiff is not entitled

to counsel.  Accordingly, the court finds that Plaintiff's motion is not well-taken and should be denied.

### B. Little's Motion for Summary Judgment

Plaintiff claims that he has been denied medical attention in that the Defendant Little has refused to provide dentures for Plaintiff.  Little, however, argues that Plaintiff has failed to establish that a genuine issue of material fact exists as to whether Little acted with deliberate indifference to Plaintiff's alleged medical needs.  In support of his argument, Defendant presents evidence that Plaintiff did, in fact, receive dental treatment when he requested it.

"In the context of medical care, a prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F. 3d 752, 754 (5th Cir. 2001).  Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F. 3d 339, 346 (5th Cir. 2006).  "A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (quotations omitted).  A plaintiff is not entitled to the "best" medical treatment. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978).  Further, "[a] prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs." *Id.* (citations omitted).  A defendant may rebut a prisoner's allegations of deliberate indifference by presenting "[m]edical records of sick calls, examinations, diagnoses, and medications." *Gobert*, 463 F.3d at 346 n. 24 (quoting *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995)).

According to Plaintiff's medical records as presented to the court by Little, Plaintiff has received substantial medical attention for his dental issues.  As revealed in the records, Plaintiff has filed a number of sick call requests, and each time, he has received medical diagnosis and treatment. On August 17, 2013, Plaintiff filed a sick call request and informed Dr. Rembert, a dentist, that he wanted his front teeth extracted and a partial plate made.  [22-2] at 120.  Upon being advised that he did not meet the criteria for having his teeth replaced, Plaintiff "decided not to have teeth extracted."  *Id.*  Based on a sick call request made for a rotten tooth that Plaintiff claimed needed extraction, Plaintiff was scheduled to see Dr. Rembert on September 21, 2013, but canceled the appointment.  *Id.* at 118.  On December 20, 2013, during Plaintiff's two-year dental visit, Dr. Gambrell, another dentist, identified five teeth requiring extraction and ordered that Plaintiff return for extraction and cleaning.  *Id.* at 115-117.  On December 22, 2013, after a sick call request due to bleeding of gums and pain in his teeth, Plaintiff was seen by Dr. Gambrell, who diagnosed Plaintiff with chronic periodontitis (gum disease) and ordered a cleaning.  *Id.* at 113-114.  On June 12, 2014, Plaintiff was seen by Dr. Rembert subsequent to a sick call request, but refused treatment.  *Id.* at 112.  During a routine dental examination on August 16, 2014, Dr. Gambrell again diagnosed several teeth that needed extraction, but noted that Plaintiff "[d]oesn't want extraction until he can get a denture."  *Id.* at 109.  After another sick call request filed by Plaintiff, Dr. Gambrell ordered a full mouth cleaning on September 28, 2014.  *Id.* at 105-106.  Subsequent to a separate sick call, on November 5, 2014, Dr. Rembert identified two teeth needing extraction, but Plaintiff refused treatment.  *Id.* at 104.  Plaintiff filed a sick call and was seen on November 22, 2014, requesting a teeth cleaning, which was administered by Dr. Gambrell.  *Id.* at 101-102.  On January 28, 2015, Plaintiff was seen by Dr. Rembert after a sick call request in which Plaintiff complained of pain and

stated that four teeth needed extraction. *Id.* at 100. Dr. Gambrell diagnosed irreversible pulpitis (swelling of the tooth pulp) and identified and extracted two teeth with Plaintiff's consent. *Id.* Subsequent to another sick call request, Dr. Gambrell saw Plaintiff on February 15, 2015, again diagnosed chronic periodontitis, and attempted to scale Plaintiff's lower teeth. *Id.* at 97. Dr. Gambrell also referred Plaintiff at that time to Dr. Rembert for extractions. *Id.* On March 22, 2015, Dr. Rembert noted irreversible pulpitis and extracted five teeth with Plaintiff's consent. *Id.* at 95.

At the omnibus hearing, Plaintiff explained that his claims against Defendant Little arose because Little was "over medical" and that Little was responsible for ceasing the administration of dentures to inmates. [21] at 16. Little's involvement with Plaintiff's case, however, is limited to his responses as a grievance officer to Plaintiff's complaints through the Administrative Remedies Program ("ARP"). On November 26, 2013, in response to Plaintiff's ARP complaint no. EMCF 13-1890, wherein Plaintiff stated that he needed dentures due to the extraction of several teeth, Little responded as follows: "Only the facility dentist can order dental plates per MDOC policy and it is based on medical necessity. I will refer you for a follow-up." [23] at 1.[3] On December 23, 2014, in response to Plaintiff's request for dentures in ARP complaint no. EMCF 14-1426, Little stated, "We will begin making dentures some time January or February. We are awaiting supplies to begin. You will be evaluated at that time." *Id.* at 3.

The evidence before the court shows that Plaintiff received regular dental care and that each time he submitted a sick call request related to his dental issues, he was seen by a medical professional who provided diagnoses and treatments. Further, each time Plaintiff submitted an ARP

---

[3]MDOC Policy No. 25-06-E mandates that "Dental prostheses will be provided only as medically necessary." [24] at 3.

6

complaint, Defendant Little informed Plaintiff of MDOC's policy and advised that an evaluation of medical necessity must be completed before dentures can be provided. Plaintiff has presented no evidence that Defendant Little was deliberately indifferent to any serious medical need of Plaintiff. Plaintiff does not dispute the medical records provided by Defendant, but rather, Plaintiff disagrees with the treatment he received. Such a disagreement is not sufficient to support a claim of deliberate indifference. Because there is no genuine issue of material fact before the court, Defendant Little is entitled to summary judgment as to Plaintiff's claims.

## IV.  Conclusion

Based on the foregoing, the court finds that Defendant Little is entitled to summary judgment as to all of Plaintiff's claims. The Motion for Summary Judgment [25] filed by Ollie Little is granted. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered. Further, Plaintiff's Motion for Appointment of Counsel [20] is denied.

SO ORDERED AND ADJUDGED, this the 29th day of March, 2016.

 F. Keith Ball
UNITED STATES MAGISTRATE JUDGE